4

Carl W. Collins (State Bar No. 109282)
Attorney at Law
1127-12th Street, Suite 202
P.O. Box 3291
Modesto, California 95353
Telephone: (209) 521-8100
Facsimile: (209) 524-8461

Attorney for Trustee
Stephen C. Ferlmann

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

(Modesto Division)

| | |
|---|---|
| In re: | Case No: 09-91950 |
| Larry Leathers and<br>Janice K. Leathers, | Chapter 7 Case |
| | DC No. CWC-3 |
| 2308 Laguna Drive<br>Modesto, CA 95350 | |
| S.S. xxx-xx-0009<br>xxx-xx-8043 | Date: March 31, 2010 |
| | Time: 10:30 a.m. |
| Debtors. | Place: Modesto Courtroom<br>Department E |

**MOTION FOR AUTHORITY TO SELL NON-EXEMPT**

**EQUITY IN REAL AND PERSONAL PROPERTY TO DEBTORS**

To: The Honorable Ronald S. Sargis, U. S. Bankruptcy Judge:

The Chapter 7 Trustee, Stephen C. Ferlmann, pursuant to 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6004, respectfully moves the Court for authorization to sell the Debtors' non-exempt equity in certain real and personal property back to the Debtors in exchange for a payment of $10,000.00, and in support thereof respectfully represents:

1. This Court has jurisdiction of this matter under 28 U.S.C. §§ 1334 and 157(a).

2. On June 26, 2009, the Debtors filed a petition under

Chapter 7 of the bankruptcy Code, in the above-entitled Court. Stephen C. Ferlmann, has been appointed Chapter 7 Trustee in the case.

3. Among the assets of the Chapter 7 bankruptcy estate is the Debtors' interest in the following real and personal property (the "Property"), to which the Debtors assigned the following fair market values in their Bankruptcy Schedule B:

a. Vacant Lot located at 1565 S.E. Jackson Place, Waldport, . . . . . . . . . . . . . . . . . . . . . . $46,480.00

b. Personal property described as handyman repair & carpenter tools, ladders, dolly, air compressor, weed whip, chain saws, gardening tools, and storage shed . . $1,500.00

c. 1984 Protec Toy Trailer . . . . . . . . . . . . . . . $600.00

d. Security deposit with landlord . . . . . . . . . . . $850.00

e. 1978 Holiday Rambler 27' Travel Trailer . . . . . . . $700.00

              Total  $50,130.00

4. The Debtors' Bankruptcy Schedule D reflects that the above-described Property is unencumbered. The Debtors asserted exemptions under California Code of Civil Procedure ("CCP") § 704 on all of the above-described Property.

5. Based upon his experience in liquidating similar assets of bankruptcy estates, the Trustee believes that the Vacant Lot has a potential fair market value of $30,000 but has functional problems with the local zoning and building departments with respect to developing the property. To place a septic system on the property will cost approximately $20,000 and removal of trees and brush will cost $5,400. The Trustee's local realtor in Waldport, OR advises the Trustee that these factors will severely limit the marketability of the property. The most logical buyer would be the Debtors who reside on the adjacent property.

MOTION FOR AUTHORITY TO SELL NON-EXEMPT EQUITY
IN REAL AND PERSONAL PROPERTY TO DEBTORS 2

6. Pursuant to a Minute Order of the Court entered on February 26, 2010 (Document No. 52), the Trustee's objections to the Debtors' claimed exemptions were sustained as to all of the above-described Property.

7. The Debtors wish to retain the Property and desire to purchase the non-exempt equity in the Property from the bankruptcy estate.

8. Accordingly, the Trustee and the Debtors have entered into an Equity Sale Agreement (the "Agreement") which provides that the Debtors shall pay the bankruptcy estate the total cash sum of $10,000.00 (the "Purchase Amount") for their non-exempt equity in the Property. A copy of the Equity Sale Agreement is attached to the List of Exhibits filed concurrently herewith. The Agreement further provides that the Purchase Amount shall be non-exempt property of the Debtors' bankruptcy estate. Upon payment of the Purchase Amount, the Debtors shall be entitled to retain the Property and the Property shall cease being property of the bankruptcy estate.

9. 11 U.S.C. § 363(b)(1) authorizes a trustee, after notice and hearing, to sell property of the estate other than in the ordinary course of business.

10. Trustee believes that the sale of the non-exempt equity in the Property to the Debtors is in the best interests of the estate and should be approved by the Court. The proposed equity sale is an equitable and expeditious manner of liquidating the Property by which the bankruptcy estate will eliminate the risks, costs and delays of liquidating the Property by way of public auction or by private sale.

1    WHEREFORE, Trustee respectfully requests that the Court
2  approve the Agreement, and authorize the Trustee to enter into
3  the proposed sale of the non-exempt equity in the Property to the
4  Debtors.
5  Dated: 3-16-10                      Law Office of Carl W. Collins

                                       _____
                                       Carl W. Collins
                                       Attorney for Trustee